BARNARD, P. J., and DYKMAN, J., concurred.

Judgment reversed and new trial granted, costs to abide event.

---

## LEOPOLD MICHEL, RESPONDENT, *v.* MAX HALLHEIMER, APPELLANT, IMPLEADED, ETC.

*Conveyance of land, when rescinded where there is a failure to perform the agreement under which it is conveyed.*

Although, as a general rule, a failure to perform an agreement under which land is conveyed will not afford a ground for rescinding the conveyance, yet an exception to that rule arises when the remedy at law for the breach of the agreement would not give adequate relief.

APPEAL by the defendant Max Hallheimer from an order denying a motion made by said defendant to set aside the verdict of a jury and for a new trial of the issues in the action, made at the Kings County Circuit on January 23, 1890, and entered in the office of the clerk of the county of Kings.

The action was brought for the partition and division of certain premises according to the respective rights of the parties therein, or for a sale thereof and division of the proceeds. The answer alleged that all the interest which the plaintiff had in the premises was acquired from the defendant Max Hallheimer, who, on or about the 29th day of May, 1887, was the sole owner of a certain contract, whereby he was entitled to purchase the same at a price which was much below the real value thereof; that the plaintiff, while said contract was in force, applied to said defendant for a half interest in said contract of purchase, and represented that if he was admitted

to said interest in the contract, he would pay the remainder of the purchase-money of the premises, which had not been paid by said defendant, and would advance the necessary sums to improve the premises; that, pursuant to said understanding between the parties, the title to the premises was conveyed to the plaintiff and the said defendant as tenants in common; that the plaintiff had failed to perform the agreement on his part, whereby the said defendant had been greatly damaged. The defendant asked judgment that the plaintiff be compelled to convey to him the one-half interest in the premises which he had acquired in the manner aforesaid, and that the plaintiff's complaint be dismissed on the merits.

Upon the trial the plaintiff's counsel moved the court to direct a verdict in favor of the plaintiff, that he was seized and entitled in fee to the undivided half interest in the premises in question as set forth in the complaint, which was indefeasible in him, and that his right to the same could not be affected by the matter set forth in the answer. The court granted the motion and directed the jury to so find, which they did.

*Charles J. Patterson,* for the appellant.

*Ira Leo Bamberger* and *William J. Gaynor,* for the respondent.

PRATT, J.:

We think that a valid counter-claim is set up in the answer and that the defendant should have been allowed to introduce his proofs. If it be that, as a general rule, a failure to perform an agreement upon which land is conveyed will not afford ground to rescind the conveyance, an exception to that rule must arise when the remedy at law for the breach of the agreement would not give adequate relief.

In the case at bar the contract for the improvement of the land is not sufficiently specific to enable a court to decree performance. Nor could the injured party prove damages with adequate precision. No one can tell exactly what profits defendant would have made had plaintiff carried out the contract with entire good faith.

Perhaps no profits would have been realized, but defendant was entitled to the chance; for that supposed advantage he was willing

to yield certain rights to the plaintiff. Now that the consideration is withheld on which those rights were given, defendant should be reinstated in his title on such terms as shall be just. To hold otherwise would hold out a bounty to bad faith.

Judgment reversed and new trial, granted with costs to defendant to abide the event.

BARNARD, P. J., and DYKMAN, J. concurred.

Judgment reversed and new trial granted, costs to abide event.