GEORGE W. MILLER, trustee, and GEORGIANA M. JOHNSON

*v.*

EDWARD S. SAVAGE, receiver of the Johnson Railroad Signal Company.

[Filed June 20th, 1900.]

1. Where a mortgage, executed by an insolvent corporation to secure creditors, failed to convey a fee in the real estate, as intended, because of omission of words of inheritance by error of the draftsman, equity will reform the same, as against a receiver appointed for such corporation after its execution, since the receiver took only the title of the corporation of its property at the time of his appointment, subject to all equitable liens.

2. Equity will not refuse to reform a trust mortgage executed to secure creditors of an insolvent corporation because voluntary, since such a mortgage is not purely voluntary, in the sense of being a gift.

*Mr. Albert C. Wall,* for the complainant.

*Mr. John Griffin* and *Mr. Patrick H. Gilhooly,* for the defendant.

REED, V. C.

This is a suit brought by the complainant trustee to have reformed a mortgage given to him by the Johnson Railroad Signal Company, of which company the defendant is the receiver.

The mortgage was made to secure debts then due by the mortgagor amounting to about $50,000. The mortgage covered real estate, and was made to George W. Miller and his successors in the said trust for the equal security of a number of creditors of the Johnson Railroad Signal Company. The corporation mortgagors were insolvent at the time of the execution of the mortgage, and subsequent to its execution were so declared, and the defending receiver was appointed. The mortgage as drawn failed to convey a fee in the real estate mortgage to the trustee and the trustee now asks that it be reformed by inserting words of inheritance in the place of and addition to the word "successors."

It is entirely clear that if the suit was against the original debtor and mortgagor a reformation would be decreed, for it is transparent from the instrument itself, as well as from the circumstances attending its execution, that the parties intended to mortgage all the interests of the corporation, and that the use of the word "successors" was an error of the draftsman, who was an attorney of the State of New York, in which state a mortgage drawn with the same phraseology would convey a fee. All the circumstances in this case bring it within the determination reached in the court of errors in the case of *McMillan* v. *New York Water Proof Paper Co., 2 Stew. Eq. 610,* and the subsequent case in the court of chancery of *Bunker* v. *Anderson, 5 Stew. Eq. 36.*

The important question is whether, assuming that the instrument would be reformed against the original party, the Johnson Railroad Signal Company, it will be reformed as against the receiver of that corporation.

Miller *v.* Savage.

It is urged that the influence which induced the execution of the mortgage, it being made to secure a wife's debt, by the vote of the husband who was a director of the mortgagor, and to secure other debts by similar influence, should prevent a reformation of the instrument. But it has been decided by the court of appeals that these influences were entirely proper, and that the mortgage must be regarded as a valid encumbrance.

It is again insisted by the counsel for the receiver that, inasmuch as the mortgage was given to secure precedent debts, the trustee was not a purchaser for a valuable consideration; that his right to a reformation is a purely equitable right, and upon his appointment the receiver got a legal lien upon the property, which is prior in right to the equity of the trustee.

The special case cited in support of this contention is *Wheeler & Green* v. *Kirtland, 9 C. E. Gr. 552.* In that case reformation of a mortgage was refused, and one of the grounds for such refusal was because it was given for a precedent debt, and so the equitable rights of the mortgagee would not be enforced against a subsequent judgment creditor, who had perfected his legal lien by judgment and execution.

Now the lien of the receiver is said to be similar to that of a judgment creditor, and therefore it follows that as against a receiver as against a judgment creditor, the trust in fee should not be executed.

While the receiver's lien is in many respects as efficacious as that of an execution creditor, it is not of the same character in all respects. He is trustee for the whole body of general creditors, and he takes the property, subject not only to all legal liens, but to all equitable liens as well.

His title to the property of the debtor is exactly the same as the title of the debtor himself at the moment when it goes into the receiver's hands.

Any previous equitable assignment of any of the property will be enforced against a receiver. *LeRoy* v. *Globe Insurance Co., 2 Edw. Ch. 657; In re LeBlanc, 14 Hun 8; S. C., 75 N. Y. 598.*

Says Mr. Smith in his excellent work on *Receivers* (at *p. 24*) :

Avon-by-the-Sea Land Imp. Co. *v.* Thompson.

"The custody of the receiver is that of the law, and in its nature is provisional and suspensive, leaving the rights of all persons concerned controlled by the ultimate judgment of the court. The appointment in and of itself determines the right of no one, and does not disturb or in anywise affect the legal or equitable standing of any party to the suit, or a stranger thereto."

It may be further remarked that the mortgage is not voluntary in the sense of being a gift, and it is only an instrument of a purely voluntary character which courts of equity refuse to reform in favor of the donee.

The mortgage will be reformed.