## THOMAS J. O'BRIEN, TRUSTEE, *vs.* CURTIS A. DOOLITTLE.

First Judicial District, Hartford, January Term, 1917.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

This court is not required to determine whether an answer would have been sufficient if the plaintiff had not replied to it.

Immaterial or harmless errors of law afford no ground for a reversal of the judgment.

Alleged errors of law which are not supported by the facts found are of no avail.

It is a well-established rule in the administration of justice, that no fact involved in litigation and material to its determination, which is put in issue and decided, shall again be litigated between the same parties.

This rule of *res adjudicata* applies to a trustee in bankruptcy who stands in the shoes of the bankrupt debtor.

As a general rule a trustee in bankruptcy takes the same title to the property that the bankrupt himself had at the time of the transfer, and can enforce only such rights as the latter might have enforced before his bankruptcy.

Submitted on briefs January 2d—decided February 21st, 1917.

ACTION to recover a balance alleged to be due from the defendant for shares of stock held by him in an insolvent corporation of which the plaintiff was the trustee in bankruptcy, brought to and tried by the Court of Common Pleas in Hartford County, *Smith, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

*Francis P. Rohrmayer, Joseph H. Lawler* and *Abraham S. Borden,* for the appellant (plaintiff).

*John F. Forward* and *Albion B. Wilson,* for the appellee (defendant).

RORABACK, J. The following facts were found by the finding of facts and the finding of the issues in favor of

the defendant in the judgment-file: The plaintiff, at the time of the institution of this suit, was a trustee in bankruptcy of the Harriman Motor Works, Incorporated, a corporation organized under the laws of this State, with a place of business in South Glastonbury in Hartford county. At this time the defendant's name appeared on the books of the company as the owner of twenty shares of its stock of the par value of $25, the full par value of all the shares being $500. The defendant, as appears by the books of the corporation, had paid therefor the sum of $200. He had attended the meetings of the company and voted upon this stock.

On January 31st, 1910, Doolittle, the present defendant, brought suit against the Harriman Motor Works, Incorporated, returnable to the Court of Common Pleas for Hartford county, claiming that this corporation was indebted to him for money loaned and expended, and for services. The Harriman Motor Works, Incorporated, in its answer to this complaint, denied the allegations of the complaint, and set up by way of counterclaim against Doolittle, the present defendant, a demand for a balance of $300 as due on the stock hereinbefore mentioned. In this action of Doolittle against the Harriman Motor Works, Incorporated, judgment was rendered on January 16th, 1911, for the plaintiff to recover $219.44 damages and his costs. No appeal was taken from this judgment. This corporation, after this judgment was rendered, became insolvent.

The trial court also found that the matters set forth in the plaintiff's complaint in the present case are *res adjudicata*, having been fully pleaded, tried and adjudged in the above-described action of Curtis A. Doolittle v. The Harriman Motor Works, Incorporated.

This case when it came to the court below was met by an answer to the plaintiff's complaint, to which the plaintiff demurred for three reasons. The demurrer was

O'Brien *v.* Doolittle.

overruled on the first ground, and sustained on the second and third. The plaintiff now makes this ruling upon the demurrer one of his reasons of appeal. Whether the answer would have been sufficient to sustain the defendant's defense, if the plaintiff had not replied to it, it is not now necessary to determine. With all the facts before us, we are not required to decide what would be the result of some of them standing alone. Errors of law constitute no ground of reversal if they "are immaterial or such as have not injuriously affected the appellant." *Mechanics Bank* v. *Woodward*, 74 Conn. 689, 691, 51 Atl. 1084.

The appellant now contends that the court erred in holding that a contract made by the company to sell these shares of stock to the defendant, Doolittle, at less than par value, would be binding on the trustee. It is enough to say of this claim that the facts set forth therein are not supported by the record. No allusion is made in the finding of facts to such a transaction. It does, however, appear that the plaintiff in his claims of law made such a proposition, which was overruled. It is almost unnecessary to say that claims of law and assignments of error must be supported by the record.

The plaintiff's reasons of appeal are all properly confined to the claim that the court erred in holding "that the judgment rendered in the case of Doolittle v. The Harriman Motor Works Company, Inc., was binding on the Trustee in Bankruptcy."

It is a well-established rule in the administration of justice, that a matter once decided is finally decided, and that no fact involved in litigation or controversy, shown to be material to its determination, put in issue and decided, shall again be litigated between the same parties. *Wildman* v. *Wildman*, 70 Conn. 700, 41 Atl. 1; *Pavelka* v. *St. Albert Society*, 82 Conn. 146, 72 Atl. 725. We ascertain from the defendant's answer that he now

bases his defense upon the claim that the matters set forth in the plaintiff's complaint are *res adjudicata*, having been fully pleaded, tried and adjudged in the action of Curtis A. Doolittle v. The Harriman Motor Works, Incorporated. As we have seen, the court below finds these averments to be true. It follows, therefore, that the legal cause of action in the former case is the same as in the present one.

But the plaintiff insists that he, as trustee in bankruptcy, and the corporation, which was the defendant in the former action, are not one and the same person. In this connection the plaintiff also claims that owing to the insolvency of the corporation when this action was commenced the defendant can not now avail himself of the defense that the judgment in the former case is now a bar to the plaintiff's claim set forth in his complaint.

For the purposes of this case it can be said that the trustee stands in the place of the Harriman Motor Works, Incorporated. The record does not disclose that his rights as trustee against the defendant were any greater than those of this corporation. As we have stated, it appears from the finding that the identical questions which the trustee is now attempting to litigate were put in issue and decided in the former action of Doolittle v. The Harriman Motor Works, Incorporated.

It is a general rule that the receiver's or trustee's title to the property of a corporation is the same as the title of the corporation at the time when it goes into the receiver's or trustee's hands, and that they can enforce only such rights as the corporation could have enforced before bankruptcy or insolvency proceedings. There are some exceptions to this general proposition, none of which have any application to the situation which now presents itself. *Greene* v. *Sprague Mfg. Co.*, 52 Conn.

330, 361. In *Yeatman* v. *Savings Institution*, 95 U. S. 764, 766 (24 L. Ed. 589) it was held to be an established rule that "except in cases of attachments against the property of the bankrupt within a prescribed time preceding the commencement of proceedings in bankruptcy and except in cases where the disposition of property by the bankrupt is declared by law to be fraudulent and void, the assignee takes the title subject to all equities, liens, or incumbrances, whether created by operation of law or by act of the bankrupt. . . . He takes the property in the same plight and condition that the bankrupt held it." *Brackett* v. *Middlesex Banking Co.*, 89 Conn. 645, 654, 95 Atl. 12; *In re Wilcox & Howe Co.*, 70 Conn. 220, 231, 39 Atl. 163. See, also, *Miller* v. *Savage*, 60 N. J. Eq. 204, 46 Atl. 632; *Lawson* v. *Warren*, 34 Okl. 94, 124 Pac. 46, 42 L. R. A. (N. S.) 183, 194–197.

The judgment rendered in the former action between the corporation and the defendant, Doolittle, was binding upon the corporation. In the absence of fraud, which has not been alleged or proven in the present case, the judgment cannot now be questioned by the trustee, who took only such rights as the bankrupt had when the plaintiff was appointed.

There is no error.

In this opinion the other judges concurred.