SPIRO CARAMINI ET AL. *vs.* STEPHEN TEGULIAS ET AL.

Maltbie, C. J., Hinman, Banks, Avery and Brown, Js.

Argued June 11th—decided July 10th, 1936.

*George E. Beers,* with whom was *Nathan M. Levy,* and, on the brief, *William L. Beers,* for the appellants (defendants).

*George A. Saden,* with whom was *David Goldstein,* for the appellees (plaintiffs).

BANKS, J. The plaintiffs are the parents of the defendant Mary Tegulias, who is the wife of the other

defendant, Stephen Tegulias. On July 25th, 1921, the plaintiffs deeded to the defendants the property described in the complaint, reserving to themselves the use, income and profits of the same during their natural lives. The only consideration for the deed, and the inducement to the plaintiffs to execute it, was the promise of the defendants that they would support and care for the plaintiffs as long as the latter should live. The parties all lived together in the second floor apartment of the property conveyed. The plaintiff Spiro turned over all of his wages to the defendant Stephen, who collected all the rents and income from the property out of which he paid the interest and mortgages, taxes and expenses of upkeep of the property. Sometime in 1932 Spiro lost his job and has not been employed since. Up to that time the defendants furnished ample food of good quality to the plaintiffs but otherwise failed to fulfil their promise to support and care for them, failing to supply either of them with sufficient clothing or the means of satisfying their reasonable needs according to their status in life. Since that time the plaintiffs complained of lack of food and insufficiency of clothing, and, following events which are detailed in the finding, the plaintiffs and defendants ceased eating their meals together and neither spoke to the other except in anger and insult. Since September, 1934, defendants have furnished no care or support whatever to the plaintiffs, who have no other source of income, and have been supported by another daughter. The trial court found that defendants were not entitled to remain in occupancy of the premises or to collect the rents therefrom, that they had failed to support and care for the plaintiffs within the intendment of their undertaking so to do, and had repudiated the same, that the plaintiffs were justified in rescinding the agreement and had done so, and that

they were entitled to a cancellation of their deed of the premises to the defendants.

The court's conclusions that the defendants were not entitled to remain in occupancy of the premises or collect the rents, and that they had breached their contract to support and care for the plaintiffs, appear not to be seriously questioned. The defendants advance two contentions: First, that plaintiffs' sole remedy for defendants' breach of the agreement for support is an action for damages, and second, that in no event were the plaintiffs entitled to a cancellation of their deed except upon terms and after an accounting between the parties. The defendants rightly assume that this was a continuing contract, entire in its character, and that the plaintiffs were entitled to treat the conduct of defendants as a total breach of the contract giving a right of action in damages for such breach. They deny that plaintiffs are entitled to the alternative remedy of cancellation, claiming that the mere failure by a grantee to perform a promise which forms the consideration for a deed gives no such right.

A right to recover money damages is not always the sole remedy of one aggrieved by the breach of a contract. A right of rescission and restitution may exist as an alternative remedy when the aggrieved party has performed fully or in part, and wishes to recover what he has given or its value. 3 Williston, Contracts, § 1455. Such a right may exist when land has been conveyed and the grantee fails to keep a promise made in consideration of the conveyance. The grantor in such case may get a decree, on such terms as justice may require, for the specific restitution and retransfer of the property, if the circumstances are such that other remedies are inadequate. Amer. Law Institute Restatement, Contracts, § 354; 3 Williston, Contracts, § 1456. When the grantee commits a total breach of

his contract after the transfer of the land to him, the grantor's remedies by way of specific performance or judgment for the purchase price are ordinarily adequate. There are cases where such remedies are unavailable or inadequate. A transfer of land in consideration of the promise of the grantee to support the grantor for life, and a subsequent breach of that agreement, presents such a case. Specific performance is not available, and a judgment for damages would be an inadequate remedy. The grantor is entitled to the remedy of specific restitution. Restatement, Op. Cit., § 354, Comment a; Connecticut Anno. § 354; 5 Pomeroy, Equity Jurisprudence (4th Ed.) § 2108; 6 Page, Contracts, § 3415; 8 R. C. L. 927. Though not always in agreement as to the grounds or the form of the relief, courts in a large majority of jurisdictions have held that the grantor was entitled to this remedy. See cases collected in annotations in 43 L. R. A. (N. S.) 916; L. R. A. 1917 D, 627; 12 Amer. & Eng. Anno. Cas. 899. We have so held in two cases in which the question has arisen in this jurisdiction. *Peck* v. *Hoyt*, 39 Conn. 9; *Penfield* v. *Penfield*, 41 Conn. 474.

These cases, and the numerous similar decisions in other jurisdictions are applications of the principle that even where a legal right is invaded, equity will grant such relief as is appropriate and necessary, if damages, the only relief possible in an action at law, are wholly inadequate to do justice between the parties. Pomeroy, Equity Jurisprudence (4th Ed.) Vol. 1, § 220, Vol. 4, § 1377. The trial court did not err in holding that the plaintiffs were entitled to this relief.

The defendants' second contention is that the trial court erred in granting cancellation of their deed without an accounting between the parties, and without providing some method for reimbursing the defendants

for their outlay on behalf of the plaintiffs. The remedy of specific restitution by way of a reconveyance or a cancellation of his deed is an equitable remedy made available to the grantor in order that he may obtain complete justice. As he is seeking equity he must do equity. Accordingly the decree for specific restitution will be made "on such terms as justice may require." Amer. Law Institute Restatement, Contracts, § 354. The trial court did not enter its decree for specific restitution without a consideration of the right of the defendants to reimbursement for their outlay on behalf of the plaintiffs. It has found in detail the amounts expended by the defendants on account of the property on the one hand, and on the other the rents collected and retained by them and the amount of the wages and money from other sources turned over to them by the plaintiff Spiro, and has found that the total amount received by the defendants from the plaintiffs exceeds the formers' expenditures upon the property by the sum of $6300.95. The defendants' expenditures included sums paid for the erection of a brick store upon the premises, in the place of a frame building which was torn down, and of a cement garage, but the money for these expenditures was furnished by the plaintiff Spiro. It is true that the court has not found the amount expended by the defendants for the support of the plaintiffs during the period that such support was provided in part. Neither has it found the rental value of the portion of the premises which they occupied during this period without the payment of rent. It does not appear that the trial court was asked to take into consideration either of these matters, for the only claim made at the trial which could include them was, broadly, that any decree setting aside the deed should be conditioned on proper reimbursement to the defendants. It must be presumed that the de-

fendants offered no evidence as to the former item, otherwise the court would have found it, or its failure to do so would have been assigned as error. Upon the facts found the defendants are not entitled to any reimbursement for their expenditures, having received from the plaintiffs more than they have disbursed, and the court correctly held that, under these circumstances, plaintiffs were not required, as a condition precedent to any cancellation of their deed, to return to the defendants any consideration with which the latter had parted in connection with their agreement.

There is no error.

In this opinion the other judges concurred.