JOHN J. ZULLO, ADMINISTRATOR (ESTATE OF CONCETTA ZULLO) *v.* ANTHONY ZULLO, JR., ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued October 4—decided November 2, 1955

*Irwin E. Friedman,* with whom, on the brief, was *Arthur Levy, Jr.,* for the appellant (plaintiff).

*Raymond E. Blank,* with whom, on the brief, was *Lester E. Blank,* for the appellees (defendants).

Wynne, J. The ultimate question on this appeal is whether the trial court was correct in its determination that, under all the circumstances presented, the plaintiff failed in his proof that the defendants were guilty of a material breach of a contract to support his decedent and her deceased husband.

The action was instituted by Concetta Zullo. Upon her death, her administrator was substituted as the plaintiff. In her complaint, Concetta alleged that the defendants, being her son and his wife, had obtained from her and her husband a conveyance of the real estate occupied by them as their home and had bound themselves to provide them with proper lifetime support and the payment of funeral expenses. The case was tried to the court, and a judgment was rendered in favor of the defendants except that they were ordered to pay the plaintiff the cost of a cemetery stone which had been erected without their express authority at the grave of Concetta's husband. The plaintiff has appealed and in the assignment of errors claims that the court's finding, apart from the finding that the defendants had not paid for the cemetery stone, was so far unsupported by evidence that it forms no basis for the court's ultimate conclusions. The claim is made that the failure to pay for the stone constituted such a breach of the contract by the defendants as to cause the entire contract to fall and that the plaintiff has become entitled to a reconveyance of the real estate and to incidental equitable relief.

So much of the finding as is not attacked sets forth the following facts: For a number of years prior to 1945, Antonio and Concetta Zullo, husband and wife,

were joint owners of a two-family house in Bridge-port. They occupied one apartment, and the other was occupied by their eldest son, John, and his family as tenants. The elderly couple had three sons, John, Julius and the defendant Anthony. Anthony, the youngest, was thirty-seven years old at the time of the trial. He had been in the armed forces during 1942 and 1943, and upon his discharge was living with his wife, the defendant Margaret, in Bridgeport. Relations between Antonio and Concetta and the defendants were most cordial. On June 30, 1945, Antonio and Concetta executed a warranty deed conveying their property to the defendants but re-serving the life use of the premises. The deed con-tained an agreement on the part of the defendants to care for the grantors for the remainder of their lives, to supply them with food, clothing, medical care and other necessaries as long as they might live, and to pay their funeral expenses.

When the eldest son, John, learned of the convey-ance, he upbraided his parents. He was bitter to-ward the defendants, refused to pay rent to them, annoyed his parents and created disturbances to the extent that the defendants had communications sent to him by an attorney in July and August, 1945, warning him as to his conduct. The defendants, shortly after the conveyance to them, gave up their apartment and took up residence with the senior Zullos. Antonio saw fit to continue his employment as a janitor, although the defendants tried to per-suade him not to continue to work. He had no bank account at the time of the conveyance, nor did his wife, Concetta. On August 15, 1947, he opened a joint bank account in the names of himself and his wife, and when he died on October 19, 1950, the account totaled $5675.72. After his death, the entire account

was transferred by Concetta to her sons John and Julius.

Concetta died intestate on June 3, 1952, at the age of eighty. Her son John was appointed administrator of her estate. The defendants, from the time of the conveyance to them, paid all fixed charges on the property in question and expended in excess of $7000 for taxes, insurance, repairs and mortgage payments. They did not pay for the cost of the monument for Antonio, amounting to $357, because they believed that it was not their obligation, the stone having been purchased without consultation with them and without their knowledge. They did in fact pay the funeral expenses of Antonio, amounting to $1100, and of Concetta, amounting to $944.

On the basis of the foregoing facts, which stand unchallenged, the court's conclusions were logical. The court concluded that the defendants fully performed all the terms of the agreement under which they acquired title to the property except that they did not pay for the cost of the monument. It held that the "agreement of the defendants to pay 'funeral expenses' included the cost of a monument" and awarded judgment for the amount paid for the monument, with interest. The court was right in treating the cost of the monument as part of the funeral expenses. *Fairman's Appeal*, 30 Conn. 205, 209. It was also correct in concluding that an award of damages was an adequate remedy for the defendants' breach of contract in this particular. Certainly that breach of contract did not amount to such a failure of consideration as to compel a reconveyance of the property, as the plaintiff claims. The damage resulting from the failure to pay for the monument can be measured in dollars. Therefore, a different question is presented from the one which arises in cases such

as *Caramini* v. *Tegulias,* 121 Conn. 548, 186 A. 482, relied upon by the plaintiff, where the breach of a contract for life support consists of a failure or refusal to provide support during the life of the promisee.

The plaintiff seeks to have twenty-one paragraphs added to the finding. There was contradictory evidence as to every point raised, and the court did not find any of these paragraphs proven. Since reasoning minds might differ on the matter, we cannot disturb the court's conclusion upon it. *Brosz* v. *Danbury,* 140 Conn. 279, 282, 99 A.2d 136, and cases cited. In the final analysis, the plaintiff is seeking to have the draft finding substituted for the salient details of the finding. This cannot be done where the evidence is conflicting and the finding as made has support in the evidence. *Eastern Sportswear Co.* v. *S. Augstein & Co.,* 141 Conn. 420, 422, 106 A.2d 476. To make minor corrections serves no useful purpose.

There is no error.

In this opinion the other judges concurred.