[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE (DOCUMENT NO. 164)
A summary of the facts of this case is set forth in this Court's memorandum of decision dated June 15, 1990 (Walsh, J.). The following procedural chronology is provided.
 May 26, 1989: Plaintiff filed revised complaint;
 July 7, 1989: Defendant Brand filed answer, special defense and counterclaim;
 July 11, 1989: Defendant Bershtein filed request to revise;
 July 19, 1989: Defendant Brand filed claim slip to jury docket for a jury of six;
 October 18, 1989: Plaintiff filed second revised complaint;
 December 6, 1989: Defendant Bershtein filed answer, special defense and counterclaim (raising special defense and counterclaim identical to defendant Brand's);
 April 11, 1990: Plaintiff filed claim for the trial list;
 April 11, 1990: Plaintiff filed reply to defendant Brand's special defense and answer to counterclaim;
 May 3, 1990: Plaintiff filed the subject motion to strike from the jury docket; CT Page 1828
 June 15, 1990: The Court (Walsh, J.) granted the motion to strike from jury docket on the mistaken assumption that there had been no prayer for any relief filed with the counterclaim, and therefore the Court was unable to determine if there was any legal relief sought. All the parties agree that such prayer for relief had been filed but through inadvertence did not become part of the court file. The matter now comes before this Court to reconsider the original issue of striking the counterclaim from the jury list.
Connecticut General Statutes section 52-215 (rev'd to 1989) provides in pertinent part:
 . . .When, in any of the above-named cases an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party made to the clerk. . . (emphasis added).
This statute has been interpreted to mean that "a claim for a jury trial must be filed no later than ten days after the pleadings have been closed." Masto v. Board of Education, 200 Conn. 482, 488 (1986) (citations omitted). A claim for a jury trial is timely when filed within ten days of plaintiff's response to a counterclaim raised by defendant, and if filed "prematurely" remains in the file until the response to the counterclaim is filed. See Home Oil Company, Inc. v. Todd, 195 Conn. 333, 343 (1985). The defendant Brand's claim to the jury docket was timely because it was filed before the pleadings between the defendant Brand and plaintiff were closed, since it was filed before the plaintiff's response to the defendant Brand's counterclaim.
The right to a jury trial is guaranteed by both the United States and the Connecticut constitutions. U.S. Const. amend. VII; Conn. Const. Art. I, section 19, but under Conn. Const. Art. I, section 19, no party has a constitutional right to a trial by jury of any action not so triable in 1818, when the Connecticut constitution was adopted. Skinner v. Anglikes,211 Conn. 370, 374 (1989). Equitable actions, as such, are not within this constitutional requirement. Id. CT Page 1829
"When legal and equitable issues are combined in a single action, whether the right to a jury trial attaches depends on the relative importance of the two types of claims." Motor Vehicle Manufacturers Assn. v. O'Neill II,212 Conn. 83, 92 (1989) (citations omitted); Connecticut Practice Book section 308.
All parties to the subject motion agree that the plaintiff's complaint asserts primarily equitable claims since
it primarily seeks foreclosure of a mortgage and a security agreement. "An action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties." Hartford Federal Savings Loan Association v. Tucker, 196 Conn. 172, 175 (1985).
The parties disagree over whether the claims raised by the defendants Brand and Bershtein in their counterclaims are properly characterized as primarily equitable in nature, or primarily legal in nature. The proper focus of the court's inquiry is not whether the defendants' counterclaims, viewed independently, are primarily legal or equitable in nature, but whether the entire action before the court (of which the counterclaims are one part) is primarily legal or equitable in nature. "To determine whether the action is essentially legal or essentially equitable, we must examine the pleadings in their entirety." Texaco Inc. v. Golart, 206 Conn. 454, 459
(1988).
"Where the essential right asserted is equitable in its nature and damages are sought in lieu of equitable relief or as supplemental to it in order to make that relief complete, the whole action is one in equity and there is no right to a jury." Dick v. Dick, 167 Conn. 210, 220 (1974); see also Motor Vehicle Manufacturer's Association,212 Conn. at 92-93.
The defendant Brand seeks the following relief through his counterclaim (and the defendant Bershtein asserts identical claims):
 1. That a trust be impressed against and upon the mortgage, security agreement and Note as described in the Revised Complaint of plaintiff, Connecticut Bank and Trust Company, N.A. ("CBT"), in favor of defendant Andrew J. Brand, Trustee, and that plaintiff CBT be ordered to subordinate CT Page 1830 its mortgage to the mortgage and security instrument of Defendant Andrew J. Brand, Trustee.
 2. That the plaintiff, CBT, be ordered to pay damages to defendant Andrew J. Brand, Trustee.
 3. That the plaintiff, CBT, be ordered to pay punitive damages to defendant Andrew J. Brand, Trustee.
 4. That the plaintiff, CBT, be ordered to pay attorneys fees, interest and costs of this action.
 5. That the mortgage and security interest of plaintiff CBT, sought to be foreclosed herein, be declared and adjudged to be subordinate and secondary to the mortgage of defendant Andrew J. Brand, Trustee.
 6. That the mortgage and security interest of plaintiff, CBT, sought to be foreclosed herein, be declared and adjudged to be null and void.
 7. That the foreclosure of mortgage and foreclosure of security instrument sought herein by plaintiff, CBT, be denied on equitable grounds.
 8. That the plaintiff, CBT, be ordered and adjudged to suffer such other relief as this Court finds to be just and proper under the circumstances of this cause.
The essence of the relief sought by the defendants is equitable in nature. The defendants ask the court to invoke a trust upon the mortgage, security agreement and note held by the plaintiff in favor of the defendants. A constructive trust is an equitable remedy. See Worobey v. Sibieth, 136 Conn. 352,355-56 (1949). The defendants ask the court to order the plaintiff to subordinate its mortgage to the defendants' mortgage. Specific performance is an equitable remedy. See Texaco, Inc., 206 Conn. at 459. The defendants ask the court to declare that the plaintiff's mortgage is second or subordinate to the defendants' mortgage. Determining priorities in a foreclosure action is a function of a court of equity. See generally, 55 Am.Jur.2d, Mortgages, section 618 CT Page 1831 (1971). The defendants ask the court to declare the plaintiff's mortgage and security interest to be null and void. Cancellation of an instrument conveying an interest in real property is an equitable remedy. See Caramini v. Tegulias, 121 Conn. 548 (1936); see also 13 Am. Jur.2d, Cancellation of Instruments, section 2 (1964). The defendants also ask the court to deny the plaintiff foreclosure "on equitable grounds."
In addition to the aforesaid equitable claims for relief, the defendants seek money damages, punitive damages and attorneys' fees and costs, on the theories of breach of contract, fraud, interference with contract rights and CUTPA
violations as set forth in the four counts of the defendants' counterclaims. Nevertheless, this Court finds that these claims for legal relief are either supplemental to or in lieu of the equitable relief sought by the defendants, so that the essence of the defendants' counterclaims remains one of equity. See Texaco, Inc., 206 Conn. at 459-60. Further, the "relative importance" of the equitable claims raised in this case exceeds that of the legal claims raised therein.
The plaintiff's motion to strike from the jury docket is granted.
J.F. WALSH, J.