[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S APPLICATION FOR PREJUDGMENT REMEDY
Plaintiff brings this action to collect from the defendant corporation on two notes he holds. In addition he alleges that Danny DiLeo (DiLeo), Frances W, Gall (Gall) and Abraham Dexler (Dexler) jointly and severally guaranteed the payment of those notes.
He now seeks to attach property of Dexler, who is now deceased, or his estate.
The main issue is whether or not there is probable cause to find that Dexler's transfer of certain property was a fraudulent transfer.
Facts
Dexler executed a Guaranty on two promissory notes which are now owned by the plaintiff on February 28, 1990. Dexler defaulted on those obligations on December 1, 1991. Plaintiff commenced an action against defendant Dexler by a complaint dated December 26, 1991. Service was made on the defendant on December 31, 1991. On December 30, 1991, Dexler executed a quitclaim deed conveying his personal residence from himself to himself as trustee under an inter vivos trust. This deed was recorded on January 30, 1992. There is no evidence that any trust instrument was recorded on the land records. Defendant Dexler died on June 7, 1992.
Law
The quitclaim here given was to "Abraham Dexler, as Trustee of The Abraham Dexler Trust, under a Trust Agreement dated, December 30, 1991 for no consideration paid." The deed was recorded January 30, 1992. There is no evidence that the "Trust Agreement" was recorded.
Conn. Gen. Stats. 47-20 is as follows:
 Sec. 47-20. Use of word "trustee" or "agent" in an instrument affecting real estate. The word "trustee" or "agent", or the words "as trustee", or words of similar meaning, following the name of the grantee in a duly executed and recorded instrument which conveys, transfers or assigns real estate or any interest therein, with or without the name of a cestui que trust CT Page 4451 or principal appearing and without any other language expressly limiting the powers, interest or estate of the grantee, do not, in the absence of a separate duly executed and recorded instrument defining the powers of the grantee, affect the right of the grantee to sell, mortgage or otherwise dispose of the real estate or interest therein in the same manner as if those words had not been used. No person to whom such real estate or interest therein has been transferred or mortgaged by such grantee is liable for the claim of any undisclosed beneficiary or principal or for the application of any money which may have been paid by such person therefor.
Thus, there is probable cause to find that "[t]he use of the word `trustee' is a nullity." Benassi v. Harris,147 Conn. 451. As a result title probably remains in the estate of the late Abraham Dexler.
Prejudgment may enter for $190,000.
N. O'Neill, J. CT Page 4452