Wildman *v.* Wildman.

ALEXANDER WILDMAN *vs.* SUSAN E. WILDMAN.

Third Judicial District, Bridgeport, April Term, 1898.  ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A cause of action consists of a right belonging to the plaintiff, and some wrongful act or omission by the defendant by which that right has been violated.

The plaintiff sought to have certain deeds executed and delivered by him to the defendant, canceled and adjudged void.  The defendant was his sister.  He alleged in his complaint that the deeds were absolutely without consideration and had been given to prevent his wife from obtaining dower in the event of his death, but that such purpose had been abandoned by the parties shortly after the delivery of the deeds; that the defendant had for years thereafter treated the property as still the plaintiff's, and had never asserted the slightest ownership to the land therein conveyed until recently, when she became incensed against him and caused the deeds to be recorded and mortgaged the property for $5,000 for her own benefit.  In a prior action between the same parties litigating in the same right, the plaintiff alleged that the defendant was in possession of the same deeds, which she had caused to be recorded, but that he, the plaintiff, had never executed or delivered said deeds to the defendant; and prayed that they might be canceled and set aside.  The defendant admitted the possession and recording of the deeds, but denied the averments respecting their nonexecution and delivery by the plaintiff.  Upon this issue judgment was rendered for the defendant, and this judgment was pleaded by the defendant in bar of the present action.  *Held :* —

1. That the invalidity of the deeds at the time they were recorded, and not the ground of such invalidity, constituted the essential element of the plaintiff's cause of action.

2. That inasmuch as such invalidity was alleged in each complaint and formed the wrong or injury complained of, the causes of action set forth in the two suits were identical, and the judgment in the earlier suit operated as a bar to the maintenance of the present action.

It is within the discretion of the trial court to refuse an amendment of the complaint enlarging the issue, if offered at a late stage of the trial.

[Argued April 27th—decided July 26th, 1898.]

SUIT for an injunction and for the delivery and cancellation of certain deeds, brought to the Superior Court in Fairfield County and tried to the court, *Shumway, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the rulings of the court. *No error.*

The plaintiff and defendant are brother and sister. In April, 1895, the plaintiff brought a suit against the defendant, and in his complaint in that action alleged that she had two written instruments in her possession which purported to be quitclaim deeds of certain real property in Danbury belonging to him, and had caused these deeds to be recorded in the Danbury land records; that he had never executed or delivered said deeds, or either of them, to the defendant; and prayed that these instruments might be delivered up in court, canceled and set aside. The defendant admitted the possession of the instruments and that she had caused them to be recorded, but denied the plaintiff's averments of nonexecution and nondelivery. Upon this issue judgment was rendered for the defendant.

The finding of facts in that action, which was made part of the judgment file, was closely followed by the plaintiff in the present action in framing his complaint, the allegations of which were, briefly, these: That the plaintiff was and for many years had been the owner and possessor of certain real estate in Danbury, worth $50,000; that in 1883 he believed his wife had been guilty of adultery and was contemplating divorce proceedings against her; that about that time it was arranged between himself and the defendant, who was his sister, that deeds of his real estate should be executed and delivered to her, in order to prevent his wife from obtaining dower therein, in the event of his death; that the deeds were made and delivered as arranged and were absolutely without any consideration; that his wife obtained a divorce from him in 1887 upon the ground of desertion, and alimony to the amount of $10,500, which sum he raised by mortgage on the aforesaid real estate, and that the defendant knew of and acquiesced in this; that he and his sister abandoned the

purpose for which said deeds were given, shortly after their delivery, and thereafter said deeds were considered by them as of no effect whatever and, as between themselves, were canceled; that she had abandoned all right and interest in and to the property, but afterwards became angry with the plaintiff and on December 5th, 1894, caused the deeds to be recorded, and had since mortgaged the property for $5,000, and claimed the right to collect the rents from the tenants, etc. The relief prayed for was a cancellation of said deeds and, meanwhile, an injunction to restrain the defendant from interfering with the collection of rent, etc. This action was commenced in December, 1895.

As her third defense the defendant pleaded the former adjudication in bar of the present suit, alleging that the causes of action were identical. This defense was sustained and the plaintiff appealed. Other facts material to the cause are stated in the opinion.

*Robert E. De Forest* and *Henry A. Purdy*, with whom was *James E. Walsh*, for the appellant (plaintiff).

A judgment as a bar to the prosecution of a second action, is to be distinguished from a judgment as evidence to prove some fact in dispute. *Fuller* v. *Ins. Co.*, 68 Conn. 55, *Betts* v. *Starr*, 5 id. 550. There was no claim made in the former case that the plaintiff was entitled to recover, although he executed and delivered the deeds; and even if it was made the court could not consider it. *Moran* v. *Bentley*, 69 Conn. 392. *Res judicata* is to be distinguished from the doctrine of election. There are cases which hold that where a party has two remedies and pursues only one, he is estopped from pursuing the other, even though he is unsuccessful in the first suit. The defendant sought to invoke this ground of defense in this action; but upon demurrer it was held insufficient. *Thomas* v. *Joslin*, 36 Minn. 1; *Steinbeck* v. *Ins. Co.*, 77 N. Y. 498; *Washburn* y. *Ins. Co.*, 114 Mass. 175; *Bell* v. *McCulloch*, 31 Ohio St. 397; *State* v. *B. D. & Co.*, 45 Mo. 99. It will be seen that the question of "the same cause of action," has nothing to do with this doctrine of election. To constitute

a bar, the former suit must have been for the same cause of action. There are authorities holding that a former judgment is a bar to any subsequent action upon any claim or demand which might have been litigated in the first, although it was not in fact so litigated. But all such cases are based upon the ground that the claim or demand sued upon in the second action was a part of the same claim or demand sued upon in the first action; in other words "the same cause of action." 2 Black on Judg. § 725; *Cromwell* v. *County of Sac*, 94 U. S. 351; *Lyon* v. *Perin, etc., Co.*, 125 id. 698. A former judgment is a bar, when the same issue was raised by the pleadings and was decided by the judgment. *Moran* v. *Bentley, supra*. A former judgment may be a bar when the same issue was raised under the pleadings, but was not litigated nor decided. The above rule applies only to entire claims and demands. *Hungerford's Appeal*, 41 Conn. 322; *Anderson* v. *Gregory*, 43 id. 61; *Maltby's Appeal*, 47 id. 349; *Carver* v. *Staples*, 52 id. 21; *Darmon* v. *Denny*, 54 id. 253; *Craft Refrigerating Co.* v. *Quinnipiac Brew. Co.*, 63 id. 563. But the defendant claims that the issue now sought to be raised by the pleadings might have been raised and decided in the former suit. This claim is unsound. *Crandall* v. *Gallup*, 12 Conn. 326; *Dickinson* v. *Hayes*, 31 id. 417; *Hollister* v. *Lefevre*, 35 id. 456; *Percy* v. *Foote*, 36 id. 102; *Sheldon* v. *Bradley*, 37 id. 324; *Anderson* v. *Gregory, supra; Supples* v. *Cannon*, 44 id. 434; *Kashman* v. *Parsons*, 70 id. 39. The rule that a judgment is a bar to litigating in another suit matters which might have been litigated in the former suit, is strictly confined to cases where the first suit was upon the same claim or demand that the second suit is brought to enforce, that is, where the claim or demand declared upon in both suits constitutes a single claim or demand, and one and the same cause of action. *Marlborough* v. *Sisson*, 31 Conn. 332; *Burritt* v. *Belfy*, 47 id. 323; *Maltby's Appeal, supra; Jones* v. *Toler*, 4 Mass. 255; *Patterson* v. *Jenner*, 27 Ind. 457; *Watts* v. *Watts*, 160 Mass. 464; 1 Freeman on Judg. §§ 238, 240, 249, 259; 2 Black on Judg. §§ 726, 734; *Taylor* v. *Castle*, 42 Cal. 371.

The facts which were alleged as establishing the right in the former suit, were the nonexecution and nondelivery—the non-existence of the deeds. The facts establishing our right in the suit at bar, are the execution and delivery of the deeds, and their fraudulent use by the defendant. The two are no more identical than daylight and darkness. Each one excludes the other. By no possibility could both form parts of any one cause of action. While both might be included in one action in different counts, yet no rule of law compels the plaintiff to so combine them, or prevents him from bringing separate suits upon each.

*Lewis E. Stanton,* and *Lyman D. Brewster,* with whom was *Samuel A. Davis,* for the appellee (defendant).

The judgment in the former suit, brought for the cancellation of certain deeds, is conclusive of the present suit brought for the cancellation of the same deeds. " In a suit to cancel a deed, the plaintiff must bring forward all his grounds, as a decree denying relief will bar a new suit for any cause." 1 Van Fleet on Former Adjudication, § 70 ; *State* v. *Barr Dry Goods Co.,* 45 Mo. App. 96–99 ; *Foster* v. *Hinson,* 76 Iowa, 714 ; *Bell* v. *McCullough,* 31 Ohio St. 397 ; *Watkins* v. *Lawton,* 69 Ga. 671–674 ; *Brown* v. *State,* 64 Md. 199 ; *Aurora City* v. *West,* 7 Wall. 102 ; *Beloit* v. *Morgan,* 7 id. 622 ; *Griffin* v. *Hodshire,* 119 Ind. 235–243 ; *Hamilton* v. *Quimby,* 46 Ill. 90–94 ; *Washburn* v. *Ins. Co.,* 114 Mass. 175 ; *Hackworth* v. *Zollers,* 30 Iowa, 433 ; *Lamb* v. *McConkey,* 76 id. 47 ; *Rogers* v. *Higgins,* 57 Ill. 244 ; *Hawes* v. *Joslyn,* 36 Minn. 1. This doctrine is in accord with the doctrine of *res judicata* established by our court, from *Comes* v. *Prior,* Kirby, 376, to *Vincent* v. *McNamara,* 70 Conn. 332. It is perfectly consistent with the law laid down in *Betts* v. *Starr,* 5 Conn. 550, *Sargent* v. *New Haven Steamboat Co.,* 65 id. 116, and *Huntley .* v. *Holt,* 59 id. 102–108. But whatever might have been decided in a given cause is as much *res judicata,* as if directly alleged and directly decided, provided always the question in controversy is the same. 1 Herman on Estoppel, §§ 122, 123 ; *State* v. *Brown,* 64 Md. 199 ; *Hall*

Wildman *v.* Wildman.

v. *Forman*, 82 Ky. 505 ; *Laffoon* v. *Fretwell*, 24 Mo. App. 258 ; *Bennitt* v. *Star Mining Co.*, 119 Ill. 9 ; *Spaulding* v. *Warner*, 59 Vt. 646 ; *Long* v. *Trexler*, 8 Atl. Rep. (Pa.) 620 ; *Hadges* v. *Bullock*, 10 id. (R. I.) 643; *Young* v. *Brehi*, 12 Pac. Rep. (Nev.) 564; *Wilson* v. *Deen*, 121 U. S. 525; *Carr* v. *Hanckel*, 5 S. E. Rep. (S. Car.) 818; *Corprew* v. *Corprew*, 5 S. E. Rep. (Va.) 798; *Fuller* v. *Ins. Co.*, 68 Conn. 64; *Last Chance Mining Co.* v. *Tyler Mining Co.*, 157 U. S. 683–687; *So. Pac. R. R.* v. *U. S.*, 168 U. S. 1–40 ; *Roby* v. *Calumet, etc., Dock Co.*, 165 Ill. 277.   Whenever a matter is adjudicated, such judgment decides every matter which pertains to that cause of action, or the defense set up, or which is involved in the measure of relief to which the cause of action or defense entitles the party, even though such matter may not be set forth in the pleadings, so as to admit proof and call for an actual decision upon it.   *Burritt* v. *Belfy*, 47 Conn. 323.   The plaintiff's offer to amend at the end of the first trial does not aid him.   In the first place there was no amendment presented, nothing for the court to act on, or on the rejection of which error can be predicated.   And, in the second place, such amendment, if it had set up all the facts and conclusions found by *Judge Wheeler*, would not have entitled the plaintiff to a judgment in his favor; for the conclusions of the judge in the original finding, that the acts of the parties after the passing of the deeds and abandonment of the original design revested the title in the plaintiff and canceled the deeds as between the parties, are erroneous. *Coe* v. *Turner*, 5 Conn. 93.   The court below having found the third defense good, and that the whole subject of controversy had been fully determined in the former suit, was justified in declining to pass on any other issues in the case. Strictly, there were none left to pass on.   All further inquiry and decision became immaterial.   *Brand* v. *James*, 67 Wis. 54.   The complaint is insufficient and cannot be made sufficient.   There is an overwhelming current of authority that a conveyance made in order to defeat dower is fraudulent and void.   *Simar* v. *Canaday*, 53 N. Y. 298–304 ; *Brown* v *Bronson*, 35 Mich. 415; *Gilson* v. *Hutchinson*, 120 Mass. 27 ;

1 Woerner on Admr. 247; *Thayer* v. *Thayer*, 14 Vt. 118; *Jiggitts* v. *Jiggitts*, 40 Miss. 718–722; *Littleton* v. *Littleton*, 1 Dev. & B. L. 327; *McGee* v. *McGee*, 4 Ired. 105–107. The case of *Stewart* v. *Stewart*, 5 Conn. 316, decided in 1824, can easily be distinguished from the present cause, and furthermore its authority has been shaken or overthrown. A party who has made a fraudulent deed cannot have the aid of a court of equity to set the same aside. *Barnes* v. *Starr*, 64 Conn. 136.

ANDREWS, C. J. Of the very numerous assignments of error presented by this appeal, those arising upon that part of the record which pertains to the third defense are controlling of the whole case. The trial court in finding the issue made by the denial of that defense, in favor of the defendant, decided as a matter of fact that the same cause of action as is set forth in this complaint had been adjudicated and decided between the same parties in the former actions mentioned in said defense. And in sustaining the defendant's demurrer to the plaintiff's replication to that defense, the court decided the same question in the same way, as a matter of law. If the latter decision is without error, then there is no harmful error anywhere in the entire record.

"It is an established rule in the administration of justice, that all controversies between parties, once litigated and fully and impartially determined, shall cease; and to that end no fact involved in such litigated controversy, shown by the record to have been material to its determination, and to have been put in issue and decided, whether the proceeding was at law or in equity, shall again be litigated between the same parties." *Munson* v. *Munson*, 30 Conn. 425, 433. "The rule of *res judicata* does not rest wholly on the narrow ground of a technical estoppel, nor on the presumption that the former judgment was right and just; but on the broad ground of public policy, that requires a limit to litigation, a curb on the litigiousness of the obstinate litigant. Like the statute of limitations, it is a rule of rest. As expressed by JUDGE PARDEE in *Supples* v. *Cannon*, 44 Conn.

424, 428 : ' The policy of the law is, that if a claim has once been passed upon by a court of competent jurisdiction, it shall not be thereafter controverted between the same parties, and this in the interest of peace.' " *Sargent & Co.* v. *New Haven Steamboat Co.*, HAMERSLEY, J., 65 Conn. 116, 126. " The judgment of a court of concurrent jurisdiction, directly upon the point is, as a plea, a bar, or as evidence, conclusive, between the same parties, upon the same matter, directly in question in another court." *Duchess of Kingston's Case*, 2 Smith's Leading Cases, *573.

The binding force of the rule stated in these authorities is not in any degree disputed by the appellant. He admits it. But he contends that this case does not come within it. It is difficult, however, to reconcile the plaintiff's claim in this behalf, made in this court, with his claims made in the court below. We learn from the finding of facts that " the plaintiff offered in evidence the entire record, pleadings, finding of facts and files of the judgment in two previous trials between the same parties, claiming the same as conclusive upon the parties in regard to the facts in this suit, and offered the same to prove the allegations of the complaint ; " and that he " offered no other evidence than said record, pleadings, findings and judgments, in proof of the allegations of his complaint, and thereupon rested his case." Claiming, as he did, that the record in the former case was conclusive upon the parties in this case, he thereby claimed—for otherwise the record would not have had that effect—that the same point was directly in issue in this case which was directly passed upon in the former case. *Duchess of Kingston's Case, supra.* The application for an injunction against using the deeds was a part of that suit and nothing else.

Every action is brought in order to obtain some particular result which is termed the remedy. This final result is not the " cause of the action ; " it is rather the " object of the action." Every judicial action has in it certain necessary elements,—a primary right belonging to the plaintiff, and a corresponding primary duty devolving upon the defendant ; a delict or wrong done by the defendant, which consisted in

a breach of such primary right and duty; a remedial right in favor of the plaintiff, and a remedial duty resting on the defendant springing out of this delict; and finally the remedy, or relief itself. Every action, however simple, must contain these essential elements; and however complicated it has no more. Of these elements, the primary right and duty and the delict or wrong, constitute the cause of action. They are the legal cause or foundation whence the cause of action springs. Pomeroy's Remedies, § 453. Stated in brief, a cause of action may be said to consist of a right belonging to the plaintiff and some wrongful act or omission done by the defendant, by which that right has been violated. *Veeder* v. *Baker*, 83 N. Y. 156, 160; Yale Law Journal, March, 1898, page 246, *Prentice, J.;* Phillips on Code Pleading, § 31.

An inspection of the record in this action, and a comparison of its averments with the record in the former one, shows that this action is between the same parties as was the former one, and that in each action the parties are litigating in the same right: the plaintiff as the owner of certain lands,—the same in the former action as in this one,—and the defendant in her individual right; that the deeds which it is sought to set aside in this action are the very same deeds which it was sought to set aside in the former one; that the sole delict or wrongful act of which the plaintiff complained in the former suits, and the main delict of which he now complains, *i. e.* the putting of the said deeds on record, is the same in this action as in the former one; and that the main part of the relief claimed, *i. e.* that the said deeds be delivered up to be canceled, is the same in this action as in that.

In each of the actions we are comparing, the plaintiff declares as the owner of certain land. The primary right of ownership of land includes in it certain special rights: as the right to use the land in any manner permitted by law, and to have the unmolested occupation of it, as well as to have an unmolested title to it. And these primary rights belonging to the plaintiff, impose the correlative primary duty on the part of all mankind to forbear from molesting him in such use, occupation, or title.

In each of these actions the defendant is charged with putting certain deeds on the town record in the town where the land lies; and it is in each case the same deeds and the same act of putting them upon the record, that is charged. It is this act of putting these deeds upon the record which is complained of in each action as violating the plaintiff's primary right to have an unmolested title to his lands. In both actions it is the same primary right belonging to the plaintiff, which is averred, and one and the same act done by the defendant by which that primary right is said to be violated. Going back to the definition of a cause of action, given a little above, we are not able to see why "the legal cause, or foundation whence the cause of action springs," is not the same in the former action as in this one.

It is true that the relief claimed is not a part of the cause of the action. But the relief claimed may serve to determine what the cause of action is. The cause of action is the existence of that state of facts, or the existence of *a* state of facts, which entitles the plaintiff to the relief claimed. The plaintiff sued as the owner of certain lands. Such ownership clothed him with the primary right to have an unclouded title to those lands. The relief claimed was, that deeds of those lands which the defendant had put on the town record be delivered up to be canceled. He would not be entitled to that relief unless he had such a title to the lands described in them, that the act of the defendant, in putting those deeds on the town record, violated his primary right to have such an unclouded title thereto. And this he must, of course, set out in the complaint. It is a part of his case; without it he would have no right to the remedy, and the complaint would show no cause of action. If the deeds which the defendant had recorded were valid, at the time they were so put upon the records, then the plaintiff did not have such a title. It was essential, therefore, that in the complaint these deeds be averred to be invalid at the time of such putting them upon the records; because that is the time at which, if ever, the act of the defendant in recording them did injury to the plaintiff; and otherwise the complaint would not show a suffi-

cient cause of action. In his complaint in the former action
the plaintiff negatived the validity of these deeds, by alleg-
ing that they had never been executed or delivered by him.
If this allegation was true, then the plaintiff was entitled to
the relief claimed, for the reason that the deeds were invalid
when recorded. In his complaint in the present action he
negatives the validity of the deeds by alleging that they had,
as between the parties, before they were recorded, been can-
celed. If this allegation was true, then the plaintiff was
entitled to the relief claimed, for the same reason: that is,
that the deeds were invalid at the time of the recording. It
is the invalidity of the deeds at that time,—from whatever
cause arising,—that is the essential element of the plaintiff's
cause of action. The causes which produces the invalidity
is only an evidential circumstance; it is not an element,
certainly not an essential element, in the cause of action.
The invalidity of the deeds at the time of the recording, being
the same in each complaint, it is the same cause of action
in both.

The cause of an action is the existence of *a* state of facts
which entitles the plaintiff to the relief claimed. Any state
of facts which entitles the plaintiff to that relief shows a
cause of action. Such a state of facts may be, and usually
is, made up of several ingredients. It is easy to perceive
that there might be more than one statement of facts con-
taining some one or more different ingredients, each showing
the same right to recover with the facts of each existing at
the same time. And although the ingredients in such state-
ments might differ, if each showed that the plaintiff was the
owner of the same right, that the defendant had committed
the same violation of that right, and that the plaintiff was
entitled to the same relief, they would each show the same
cause of action and not a different one. Such we think is
this case.

"If the facts alleged show one primary right of the plain-
tiff, and one wrong done by the defendant which involves
that right, the plaintiff has stated but a single cause of ac-
tion. . . In applying this test, however, it must be ob-

served that the single primary right, and the single wrong, which, taken together, constitute the one cause of action, may each be very complicated. For example, the primary right of ownership includes not only the particular subordinate rights to use the thing owned in any manner permitted by the law, but also similar rights to the forbearance on the part of all mankind to molest the proprietor in such use. The facts which constitute the delict complained of may embrace not only the wrongful obtaining, and keeping possession, in such a case as the one last supposed, but also the procuring and holding deeds of conveyance, or other muniments of title, by which such possession is made possible, and to appear rightful. These suggestions are necessary to guard against the mistake of supposing that a distinct cause of action will arise from each special subordinate right included in the general primary right held by the plaintiff, or from each particular act of wrong, which, in connection with others, may make up the composite but single delict complained of." Pomeroy's Remedies, § 455.

The inspection of the record also discloses that the different causes by which the invalidity of the deeds is shown, were both known to the plaintiff before he brought the former suit, and that by proper care both might have been shown on the former trial. A single cause of action cannot be split in two. If the plaintiff's complaint in the former action was so framed that he could not avail himself of all the evidence which he had to prove his right to recover, and so suffered defeat, it may be his misfortune. By that judgment the plaintiff is bound. He sought an amendment to enlarge the issue, but at so late a stage of the trial that the judge for that reason disallowed the motion. His cause of action has been adjudicated. He cannot now have another trial to enable him to use such other evidence to obtain the same remedy. *Cromwell* v. *County of Sac,* 94 U. S. 351; *Burritt* v. *Belfy,* 47 Conn. 323. "The policy of the law is, that if a claim has once been passed upon by a court of competent jurisdiction, it shall not thereafter be controverted between the same parties, and this in the interest of peace."

There must be a "limit to litigation, a curb on the litigiousness of the obstinate litigant." *Sargent & Co.* v. *New Haven Steamboat Co., supra*, HAMERSLEY, J.

There is no error.

In this opinion the other judges concurred except HAMERSLEY, J., who dissented.

HAMERSLEY, J. (dissenting). The only issue raised by the pleadings and tried by the court in the first case, was, did the plaintiff execute and deliver the deeds? He asked to have them delivered up in court for cancellation, solely on the ground that they were not his deeds. Upon this issue evidence was received tending to support, and, as the court found, proving, a state of facts which entitled the plaintiff to an injunction against a plain abuse of trust in the use of the property described in the deeds. The plaintiff claimed that because of this state of facts the giving of the deeds to the defendant was not a legal delivery with intent to pass the title. The court overruled the claim and rendered judgment for the defendant. It thus appears by the record that the facts found by the court, which support an action founded on a breach of trust, were held not relevant to the issue in the former action founded on possession of void deeds. The present action is based upon the breach of trust, and asks an injunction against a further breach; and the court below holds that this is the same cause of action adjudicated in the former suit.

In the first action, the plaintiff's right was to have void deeds in the possession of another, canceled. This right the law gives him, irrespective of any use that may be made of them. The law imposed upon the defendant a duty to surrender the deeds, however innocent her possession might be. The delict or wrong was a neglect to surrender the deeds. The remedy in such case is a compulsory surrender in court for cancellation. In the second action, the plaintiff's right is to have a trust, which had attached to a valid conveyance of land, enforced. The law imposed upon the

Wildman v. Wildman.

defendant the duty of faithful performance of that trust. The delict or wrong was a violation of the trust by mortgaging the trust property and appropriating the proceeds to her own use. The remedy in such case is an enforced reconveyance of the property, or an injunction against the further abuse of the trust; the latter remedy is sought in this suit. I fail to see how two causes of action can be the same, when in each the right of the plaintiff, the duty of the defendant, the delict charged, and the remedy sought, are all different. It is suggested that identity consists in the primary right of a landowner to have an unclouded title. If we go back to such broad primary right as the operative test of the scope of a judgment, we lose our hold on the certainty which is essential to a judgment; but by that test the causes of action are not the same. In the present case the plaintiff seeks something very different from the enforcement of his primary right to an unclouded title. He seeks to compel the holder of a legal title to execute a trust. These deeds were drawn in 1884. The plaintiff's cause of action set up in the first case was complete upon the defendant's possession of the deeds. (The allegation that they had been placed on record was mere matter of aggravation, which could not alter or enlarge the cause of action alleged.) Had the plaintiff brought his first action in 1884 and the same judgment been rendered against him, would it for a moment be claimed that he could not now maintain his present action to enforce the execution of a trust under deeds then adjudged to be valid? Certainly in such case the two causes of action must be entirely distinct. How does the lapse of time affect the nature of the cause of action? During the intervening years a new and different cause of action has accrued. Why should not the plaintiff try, first, the cause of action that has existed since 1884; and second, the different cause of action that has intervened? It is said he cannot split a cause of action. True; the rule against this is strict and salutary. But it does not mean that he must join different causes of action, even when arising from the same transaction. The plaintiff might have joined the cause of action in this suit with the one stated in

the former suit; but he could not have stated them as one cause of action. The allegation that he never executed or delivered the deeds, is essential to his cause of action in the first suit; and the allegation that he did execute and deliver the deeds, is essential in the second; but these allegations are contradictory and repugnant, and cannot both be alleged as facts supporting a single cause of action. The plaintiff could not, on the former suit, have tried the breach of trust now alleged, without stating it as a distinct cause of action. This he was not bound to do.

It appears upon record that the judge who tried the first case was of opinion that the plaintiff was entitled to recover in an action like the one now before us, and he rendered judgment against him because the facts potent to support this action were not relevant to the one then on trial. And it is now held that having proved those facts in the former action, where the court said they were not relevant, the plaintiff cannot prove them in this action. A record disclosing, so far as the opinion of the judge goes, the right of the plaintiff to the remedy now sought, is made, and apparently for that very reason, a bar to his asserting that right. It sometimes happens that a litigant's cause is so mismanaged that a court finds it impossible to discover a remedy. The plaintiff's cause may have been mismanaged, but he ought not to suffer unless the necessity is clear. For the reasons given, I think no necessity exists; that the Superior Court erred in sustaining the third defense; and that a new trial should be granted.