MATJ PAVELKA vs. ST. ALBERT SOCIETY, BRANCH No. 30, OF THE FIRST CATHOLIC SLAVOK UNION.

Third Judicial District, Bridgeport, April Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action.

A judgment for the defendant having been rendered in an action brought against it by the plaintiff for an alleged wrongful expulsion because of a want of notice to him, the latter brought another action for the same expulsion, assigning other reasons for its alleged invalidity. *Held* that the cause of action, to wit, a wrongful expulsion of the plaintiff, was the same in each case, and therefore the judgment in the former suit was a bar to the present action.

Argued April 20th—decided May 6th, 1909.

ACTION to recover damages for the alleged wrongful expulsion of the plaintiff from the defendant mutual benefit society, brought to and tried by the Court of Common Pleas in New Haven County, *Wolfe, J.*, upon a plea or answer of *res judicata;* the court sustained the plea and rendered judgment for the defendant, from which the plaintiff appealed. *No error.*

The complaint alleges that the plaintiff, on September 1st, 1905, was a member in good standing of the defendant; that the defendant was a benefit society, membership in which entitled one to benefits in case of death or injury; that it maintained a fund for the payment of such benefits; that on September 15th, 1905, the plaintiff was expelled from membership without charges of misconduct, as required by the laws of the society, without notice or opportunity to be heard, and without proceedings; and that by such expulsion he was deprived of his right to participate in the benefits of the society and the rights and priv-

ileges of a member. The complaint in the former action, which terminated in the judgment pleaded in bar, was based upon the same act of expulsion, and was the same in terms as the present, except that the only reason assigned for the wrongfulness of the expulsion was the absence of notice.

*John W. Banks,* for the appellant (plaintiff).

*Robert L. Munger,* for the appellee (defendant).

PRENTICE, J. The ruling of the court that the cause of action upon which the former judgment pleaded in bar was rendered was the same as that set out in the complaint, and that, therefore, that judgment was a bar to the present action, was correct. A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action. *Wildman* v. *Wildman,* 70 Conn. 700, 707, 41 Atl. 1. In the present action the plaintiff sets out, as establishing and defining his primary right, the fact of his membership in the defendant society, and its character as a benefit organization. *Grand Lodge* v. *Grand Lodge,* 81 Conn. 189, 205, 70 Atl. 617. The defendant's delict by which, as is charged, this right was invaded, is alleged to have been the plaintiff's wrongful exclusion from that membership. The primary right set out in the complaint in the former action was identically the same, and the delict charged against the defendant was the same. The wrong complained of in both actions was the act of wrongful expulsion, and it was the same act in both cases. The two complaints do not differ except that in the former the reason for the wrongfulness of the expulsion is specified as want of notice, while in the present it is said to arise from

other informalities in the proceedings which resulted in it. The essential fact constituting the charged delict was the wrongful expulsion from membership. Its wrongfulness might result from a sufficient single cause, or from a concurrence of causes each sufficient in itself. However this might be, the essential thing necessary to perfect a right of action would be the wrongful character of the act of expulsion. The conditions creating that character would be only incidental facts evidential of the principal fact upon which alone the plaintiff could rely, and upon which in both cases he did rely. The principles involved are fully considered in *Wildman* v. *Wildman*, 70 Conn. 700, 41 Atl. 1. See 2 Black on Judgments (2d Ed.) § 731 *et seq.*

There is no error.

In this opinion the other judges concurred.