[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum
Plaintiffs seek to amend their complaint to allege, in addition to personal injuries, property damage to their automobile. The defendants oppose the amendment on the grounds that the claim for property damage is a separate cause of action and the two-year statute of limitations would bar recovery.
It is clear that personal injury and property damage sustained by a part arising out of one automobile accident constitutes a single cause of action. "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. `A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action.' Pavelka v. St. Albert Society, 82 Conn. 146, 174,72 A. 725. A change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action. It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated." (citations omitted in part) Gallo v. G. Fox Co., 148 Conn. 327, 330 (1961);Burgess v. VanGuard Ins. Co., 192 Conn. 124, 125-6 (1984); Jonap v.Silver, 1 Conn. App. 550, 556 (1984). The single cause of action in the present case is the alleged negligence of the defendants arising out of the automobile accident of April 19, 1979. The defendants' delict to the same plaintiff is the controlling element. The property damage is merely an additional injury and does not constitute a new cause of action.
The court is fully aware of prior trial court decisions which have held that the claim for personal injuries and property damage arising out of CT Page 2 the same automobile accident are separate causes of action[1]. This court is unable to accept this proposition because the decisions are devoid of any persuasive reasoning. Furthermore, it has always been the law of this state, as stated by the Supreme Court of Connecticut, that personal injuries and property damage arising out of the same negligent act constitutes but one cause of action. Seger v. Town of Barkhamsted,22 Conn. 290, 295 (1853). For example, in a case where personal injury and property damage were caused in a single incident by a defective highway, the Supreme Court held "[s]eparate actions, in such cases, would be contrary to the immemorial practice, and to require them would produce a useless and burdensome multiplicity of suits, be opposed to the general principles of law, in regard to the dividing of claims growing out of the same transaction. . . ." Id. at 295.
It may be more convenient for the insurance industry to have claims for personal injury and property damage treated as separate causes of action in cases where the insurance carrier is subrogated because of the payment to its insured on a collision claim, but this is a matter that should be addressed by the legislature. Judicial economy dictates that two actions, by the same party, on the same set of facts, should not be encouraged by this branch of government, especially in this day when our courts are so overburdened.
Accordingly, this court finds that the statute of limitations has not run because the amendment relates back to the original bringing of the writ. Therefore, the objections to the amendment are overruled, and the plaintiffs' amendment to their complaint is hereby allowed.