[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS
The plaintiff, a real estate agent, Irene Pelletier filed this complaint against the defendants Andrew and Joyce Marquardt, alleging personal injuries sustained when she fell down at defendants' house while she was showing the house to a prospective buyer.
The defendants move to dismiss the action because they are not subject to the provisions of the long arm statute, Connecticut General Statutes section 52-59 (b), and they do not have sufficient minimum contacts with the State of Connecticut.
The plaintiff objects to the motion to dismiss and claims that the requirements of the long arm statute have been met so as to provide jurisdiction.
The motion to dismiss is the appropriate method by which a defendant may challenge the jurisdiction of the court to hear the case. Connecticut Practice Book section 142; Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687
(1985).
Where, as here, personal jurisdiction is challenged, CT Page 1069 the plaintiff is charged with the burden of proving that the long arm statute does indeed reach the defendants. Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 52-3 (1983).
The defendants moved for an evidentiary hearing, which motion was granted. Thereafter, requests for admissions were filed and the parties agreed the matter could be decided by the Court without further testimony.
The Connecticut long arm statute provides that:
 (a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, or foreign partnership, or his or its executor or administrator, who in person or through an agent: (1) Transacts any business within the state; or (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or (3) commits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) owns, uses or possesses any real property situated within the state.
Connecticut General Statutes section 52-59b(a).
The plaintiff in this case claims the long arm statute reaches the defendants pursuant to subsection (a)(2), the commission of a tortious act within the state. The defendants claim that a fall down claim does not involve the commission of a tortious act in that such claims ordinarily result from the omission to act rather than the commission of a positive act.
It is not necessary to decide whether an omission to CT Page 1070 act constitutes tortious conduct in this context because the plaintiff alleges a positive act when she states in paragraph 5(a) of the complaint that "(t)he Defendants created and/or maintained a hazardous condition at the entrance to their home." See Wedig v. Brinster, 1 Conn. App. 125, 129.
The long arm statute also reaches defendants through subsection (a)(4). The defendant argues that, because subsection (a)(4) is written in the present tense ("owns, uses or possesses any real property situated within the state"), they must have owned the property at the time of service rather than at the time the cause of action arose.
"When the words of a Statute are plain and unambiguous, we need look no further for interpretive guidance because we assume that the word themselves express the intention of the legislature." Caltabiano v. Planning Zoning Commission, 211 Conn. 662, 666 (1989). The long arm statute (section 52-59b(a) Connecticut General Statutes) allows the court to exercise jurisdiction over a nonresident individual "(a)s to a cause of action arising from any of the acts enumerated. . ." The statute then enumerates four acts, one of which is ". . .(who) owns, uses or possesses any real property situated within the state." Connecticut General Statutes section 52-59b(a)(4).
The instant complaint alleges that plaintiff's cause of action arose out of defendants' ownership of property in New London, Connecticut. The defendants argue that jurisdiction on this ground must fail because "the defendants do not own, use or possess any real property in the State of Connecticut." The defendants would have the Court read the statute that such ground must exist as of the time of service. This is a misreading of the statute which permits a court to exercise personal jurisdiction "(A)s to a cause of action arising from any of the acts enumerated. . ." Section 52-59b(a). The alleged cause of action is claimed to have arisen on November 9, 1988, at which time, by their own admission, the defendants owned the real property in question. "The cause of an action is the existence of a state of facts which entitles the plaintiff to the relief claimed." Wildman v. Wildman,70 Conn. 700, 710. One of the facts alleged is that the plaintiff fell on or about November 9, 1988. The cause of action, if any, arose at that time and the defendants, by their own admission, owned the property at that time. "When two constructions are possible, courts will adopt the one which makes the statute effective and workable, and not one which leads to difficult and possibly bizarre results." Parker-Quaker Corporation v. Young, 23 Conn. Sup. 461, 465 (1962), citing Bridgeport v. Stratford, 142 Conn. 634, 644. CT Page 1071
In their answers to the request for admissions filed by the plaintiff, the defendants admit (1) they received proper notice and (2) that they owned the property referred to as of the date of the alleged incident, i.e., as of the date of occurral of the action.
The plaintiff has sustained the burden of proof required. The motion to dismiss is denied.
Burns, J.