[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This action was brought seeking damages for personal injuries and losses alleged to have been suffered on November CT Page 11230 25, 1989. The complaint is in two counts, the first brought against the named defendant and the second against Terryville Construction Co. (Terryville), both counts based in negligence. Terryville moved for summary judgment on the ground that the count contained no allegation of duty on the part of Terryville upon which negligence can be claimed. The plaintiff moved to amend which amendment was granted on February 8, 1993 (Wagner, J.) and an amended complaint was filed on that date. The prior motion for Summary Judgment was denied because the amended complaint alleged facts of Terryville's duty. Terryville filed a special defense that the limitation period has run. Terryville moves for summary judgment now on the grounds that at the time of filing the amended complaint the limitations period has run pursuant to C.G.S. 52-584 and that such amended complaint could not relate back to the original complaint because no cause of action was alleged in said original complaint against it.
The parties agree that if a new cause of action is alleged in the amended complaint, it has been filed beyond the limitations period and is barred by the statute. Patterson v. Szabo Food Services of New York, Inc., 14 Conn. App. 178, 182
(1988) cert. denied 208 Conn. 807 (1988). Terryville argues that since the original complaint did not allege a cause of action the amended complaint is a new one. The plaintiff argues that the amended complaint made no change in the specifications of negligence to state a new cause of action from the original complaint.
 "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. Bridgeport Hydraulic Co. v. Pearson, 139 Conn. 186, 197, 91 A.2d 778; Viets v. Hartford, 134 Conn. 428, 434, 58 A.2d 339. `A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. the [The] facts which establish the existence of that right and that delict constitute the cause of action.' Pavelka v. St. Albert Society, 82 Conn. 146, 147, 72 A. 725 . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same." CT Page 11231 Gallo v. G. Fox Co., 148 Conn. 327, 330.
Whenever the claim asserted in the amended complaint arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. Giglio v. Connecticut Light Power Co., 180 Conn. 230, 240. The objective of state statutes of limitations is to protect parties from the necessity of defending stale claims and the amendment will not relate back unless the original pleading has given fair notice to the adverse party that a claim is being asserted against him from some particular transaction or occurrence. Id. 240. The original complaint brought against Terryville alleged that the plaintiff was seeking damages for personal injuries and losses caused by Terryville's negligence on November 25, 1989 and the same claim is asserted in the amended complaint from the same conduct, transaction and occurrence. The amendment solely amplifies Terryville's alleged liability. Since no new and different cause of action was stated in the amended complaint, it related back to the original complaint. Sharp v. Mitchell, 209 Conn. 59, 72.
The court therefore denies the Motion for Summary Judgment.
Corrigan, J.