[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE (#111)
FACTUAL BACKGROUND
The plaintiff, Diane Ramsey, commenced this action on May 5, 1993, by serving on the defendants, Mark Gabrielli ("Gabrielli"), his parent and legal guardian Sheila Gabrielli, and the Town of North Branford ("Town"), a copy of the plaintiff's writ, summons and complaint, with a return date of June 1, 1993. The complaint alleged a cause of action that took place on May 8, 1991.
The plaintiff alleges in count one, that defendant Town, was "negligent and careless" in providing adequate supervision for Gabrielli. The plaintiff alleges in count two, that Gabrielli "willfully and maliciously" attempted to exit a moving bus driven by the plaintiff, which caused the plaintiff to grab the door handle and shut the door to prevent Gabrielli's exit. The plaintiff also alleges in count two, a claim against Sheila Gabrielli based on the parental liability statute, General Statutes52-572.
On June 25, 1993 the plaintiff filed an amended complaint, that added a third count to the complaint. On October 7, 1993 the plaintiff filed a revised amended complaint, that added subparagraphs 5a-d to count three of the complaint. The plaintiff alleges in count three, that Gabrielli was "negligent and careless" in his attempt to open the bus door and exit the bus while it was in motion, failed to heed warnings to cease the exit attempt, and failed to cease such action when he knew or should have known that CT Page 2126 these actions created a dangerous situation. The defendants, Mark and Sheila Gabrielli, filed a motion to strike count three of the plaintiff's revised amended complaint, on October 22, 1993 on the ground that it does not relate back to the original complaint and, therefore, is barred by the statute of limitations, General Statutes 52-584. The Town is not a party to this motion to strike.
The defendants have filed a memorandum in support of their motion to strike, and the plaintiff has filed a timely memorandum in opposition, pursuant to Practice Book 155.
DISCUSSION
The purpose of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings. Practice Book 152; Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 434 (1989). When ruling on a motion to strike, a trial court construes the facts alleged in the pleadings in the manner most favorable to the pleader. Ferryman, supra, 146. The court construes a plaintiff's complaint in the manner most favorable to sustaining its legal sufficiency. Bouchard v. People's Bank, 219 Conn. 465,471, 594 A.2d 1 (1991). The motion to strike must fail if the facts provable under the allegations of the complaint would support a cause of action. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980).
The defendants argue that in count three of the revised amended complaint, the plaintiff has added a separate and distinct cause of action "sounding in negligence." The defendants argue that count two of the original complaint alleges an "intentional tort" and the factual allegations therein do not support the plaintiff's additional negligence cause of action. The defendants further argue that, because the additional allegations of negligence in count three of the revised amended complaint constitute a new and different cause of action, count three does not relate back to the original complaint and, therefore, is barred by the statute of limitations.
The plaintiff contends that no new facts were added to the complaint and that the claim of recklessness alleged in count two of the original complaint necessarily embodies a claim of negligence. The plaintiff further responds that count three was added to the complaint by amendment dated June 23, 1993, and the amendment was properly added within thirty days of the June 1, 1993 summons return date. The plaintiff argues the amendment relates CT Page 2127 back to the original complaint because it "alters the theory of recovery without altering the facts of the original complaint."
I. Amendments and the Relation Back Doctrine
Civil actions are commenced by service of a copy of the summons and complaint on the defendant. Practice Book 49; see also General Statutes 52-45a; McGaffin v. Roberts, 193 Conn. 393, 401
n. 9, 479 A.2d 176 (1984). "[A]n action is commenced not when the writ is returned but when it is served upon the defendant." Broderick v. Jackman, 167 Conn. 96, 99, 355 A.2d 234 (1974). A plaintiff is allowed to amend any defect or mistake in the complaint and insert new counts in the complaint, "which might have been originally inserted therein, "during the first thirty days after the return day. Practice Book 175. "[A]n amendment to a complaint that sets up a new and different cause of action speaks as of the date when it was filed." Felsted v. Kimberly Auto Services, Inc., 25 Conn. App. 665, 667, 596 A.2d 14 (1991).
The test for the relation back doctrine is whether the amended complaint "relates back" to the original complaint. See Gurliacci v. Mayer, 218 Conn. 531, 547, 590 A.2d 914 (1991). The relation back doctrine:
 "is akin to rule 15(c) of the Federal Rules of Civil Procedure, which provides in pertinent part: `(c) RELATION BACK OF AMENDMENTS. Whenever the claim or defense asserted in the amended pleading arose out of conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.' . . . The policy behind rule 15(c) is that a party, once notified of litigation based upon a particular transaction or occurrence, has been provided with all the notice that statutes of limitations are intended to afford.'. . . Because rule 15 provides that an amendment relates back where the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims, is fully served."
Gurliacci v. Mayer, supra 547-48, citing Giglio v. Connecticut Light Power Co., 180 Conn. 230, 240, 429 A.2d 486 (1980). "[T]he CT Page 2128 Connecticut courts have given a liberal interpretation to the relation back doctrine." Garthwait v. Chapman,10 Conn. L. Rptr. 132 (September 30, 1993, Spear, J.)
In the present case, the action was commenced by service of a copy of the plaintiff's writ, summons and complaint, to the defendant on May 5, 1993. The summons was filed with the court on May 19, 1993, with a return day of June 1, 1993. The complaint alleged a cause of action that took place on May 8, 1991. The May 5, 1993 action was therefore commenced within two years of the alleged cause of action, as required by the statute of limitations.
The plaintiff filed an amended complaint on June 25, 1993, and a revised amended complaint on October 7, 1993. The amended complaint was properly filed within thirty days of the June 1, 1993 return day, as required by Practice Book 175.
If count three states a new cause of action, it does not relate back to the original complaint, and the amendments are deemed to be filed as of June 25, 1993. If the amendments are filed as of June 25, 1993, count three would be barred by the statute of limitations, because it was filed after the two year limitation date. If count three does not state a new cause of action, it relates back to the date of the original complaint. The amendments are deemed to be filed as of May 5, 1993 and would not be barred by the statute of limitations.
II. New Causes of Action
"`A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief . . . .'" Gurliacci v. Mayer, supra, 546-47 (1991), quoting Pavelka v. St. Albert Society,82 Conn. 146, 147, 72 A. 725 (1909); see also Sharp v. Mitchell,209 Conn. 59, 71, 546 A.2d 846 (1988); Saphir v. Neustadt,177 Conn. 191, 207, 413 A.2d 843 (1979); Keenan v. Yale New Haven Hospital, 167 Conn. 284, 285, 355 A.2d 253 (1974). "It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated." Id.
In Sharp v. Mitchell, the plaintiffs brought a wrongful death action based on negligent supervision against the defendant in their original complaint, and amended their complaint to allege CT Page 2129 negligent design and construction of the underground storage area where their decedents suffocated. Sharp v. Mitchell, supra, 72-73. The court in Sharp held the amended complaint stated a new cause of action, was barred by the statute of limitations, and the complaints involved two different sets of circumstances and facts "to prove, or disprove, the allegations of a different basis of liability". Sharp v. Mitchell, supra, 73. The court also reasoned that the defendants did not have fair notice of the negligent design and construction claim, when the original complaint only alleged the defendants were negligent in ordering the employees to enter the storage area. Id. See also, Keenan v. Yale New Haven Hospital, supra, 285 (complaint alleging assault and battery based on lack of informed consent did not relate back to complaint that alleged medical malpractice); Gallo v. G. Fox Co., 148 Conn. 327,328-29, 170 A.2d 724 (1961) (amendment alleging fall due to foreign substance on floor did not relate back to original complaint alleging fall due to defective escalator).
Of course, there are cases in which the courts have held that an amendment related back to the original complaint because the amendment did not state a new cause of action. In Gurliacci v. Mayer, the plaintiff and defendant were involved in an automobile accident wherein the plaintiff claimed the defendant was driving while intoxicated and struck the rear of her unmarked police car. Gurliacci v. Mayer, supra, 534-540. The plaintiff originally pleaded that the defendant was negligent in his actions and later amended her complaint. The court reasoned that the new allegations reiterated the negligence claim based on the defendant's operation of a motor vehicle, but added that the defendant was "acting either wilfully, wantonly, and maliciously or outside the scope of his employment. Id, 549. The new allegations related back because they did not inject "two different sets of circumstances and depend on different facts." Id. The new allegations amplified and expanded upon the previous allegations by setting forth alternate theories of liability, and the defendant had adequate notice that a claim was being asserted against him arising out of the alleged motor vehicle accident. Id.
The court in Gurliacci distinguished its holding from the holding in Sharp v. Mitchell. Id. In Sharp the change in the nature of the negligence action from one of the negligent supervision to one of negligent construction was "dramatic" and the defendant would have been required to "gather different facts, evidence and witnesses to defend the amended claim." Id.; see also Jonap v. Silver, 1 Conn. App. 550, 556, 474 A.2d 800 (1984) (amendment CT Page 2130 alleging of invasion of privacy did not give rise to a new cause of action to a complaint alleging "injurious falsehood"); Giglio v. Connecticut Light Power Co., supra (no new cause of action where plaintiff sued defendant in negligence and strict liability in tort and later amended complaint to allege an additional strict liability claim based on a defective furnace).
Viewing the facts in the light most favorable to the plaintiff, there is a single group of facts claimed to have brought about the injury to the plaintiff, i.e. that Gabrielli attempted to exit a school bus while it was being driven by the plaintiff.
The plaintiff alleges in count two of the complaint, amended complaint, and revised amended complaint, that Gabrielli's attempt to exit the moving bus was "willful and malicious." The plaintiff alleges in the additional count three, paragraph five, of the amended complaint, that Gabrielli caused injuries to the plaintiff by "negligence and carelessness." The plaintiff alleges in count three, paragraph five, subparagraphs 5a-d, of the revised amended complaint, that Gabrielli
 attempted to open the door of the bus while the bus was in motion; he attempted to exit the bus while the bus was in motion; he failed to heed warnings to cease with the above two activities, and he knew or should have known that the above actions created a dangerous situation and failed to cease with said activities.
It is proper to "amplify or expand," in count three, what the plaintiff has already alleged in count two because the basis of the cause of action in count three remains the same, namely that Gabrielli tried to exit a moving bus.
As in the cases of Gurliacci v. Mayer, supra, Jonap v. Silver, supra, Giglio v. Connecticut Light Power Co., supra, and Garthwait v. Chapman, supra, the new allegations of negligence in count three of the plaintiff's revised amended complaint do not support a new cause of action. The new allegations do not inject two different circumstances nor depend on two different set of facts. There is one circumstance, Gabrielli's alleged attempt to exit a moving bus, which remains constant in counts two and three. In addition, the defendants in the present case had adequate notice that a claim was being asserted against them arising out of Gabrielli's alleged attempt to exit a moving bus. CT Page 2131
Count three of the plaintiff's revised amended complaint does not allege a "new cause of action." Since the amendment does not set forth a new cause of action, the amendment relates back to the May 5, 1993 date of the original complaint, and is not barred by the applicable statute of limitations.
Conclusion
For the foregoing reasons, this defendants' Motion To Strike is denied.
So ordered.
Michael Hartmere, Judge