[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: DEFENDANT'S (ROYAL PAINT AND WALLPAPER)MOTION FOR PARTIAL SUMMARY JUDGMENT (FILE #157)
Plaintiffs, Robert A. Durand and Sheree Durand, brought a four count product liability action against defendants, TMC Manufacturing, Inc. (formerly Turco Manufacturing Company) and Royal Paint and Wallpaper, Inc. (Royal). The initial complaint, and various amendments thereto, sought recovery for personal injuries sustained by Robert A. Durand when a kerosene heater he was operating on November 18, 1989 burst into flames. The first and third counts are by the injured plaintiff against TMC and Royal respectively; Robert Durand alleges that his injuries were caused by the defective and dangerous condition of the heater which was designed, manufactured, and distributed by TMC, and sold to the plaintiffs by Royal. Plaintiff Sheree Durand seeks, in the second and fourth counts, recovery from TMC and Royal for medical expenses she incurred, and will incur, on behalf of her husband, Robert Durand.
On July 22, 1993, plaintiffs filed a request for leave to amend to add property damage claims to the relief sought in the original complaint. The property damage claims were placed in separate counts in a substitute complaint dated CT Page 6774 September 29, 1993.[1] Both TMC (Turco) and Royal filed answers in response to plaintiffs' substitute complaint (9/29/93); thesecond special defense in each of the answers alleges that the property damage claims, as set forth in the last two counts of the substitute complaint, are barred by the statute of limitations, General Statutes Section 52-577a(a). Plaintiffs have filed replies to the special defenses and, thus, the pleadings are now closed. Royal has filed the instant motion for partial summary judgment on the basis that the sixth count of the substitute complaint alleges a new cause of action which is barred by said statute of limitations.
Connecticut Prac. Bk. Section 379 et seq. permits any party to move for summary judgment when the pleadings are closed, and judgment shall be rendered if the pleadings and documentation establish that there exists no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Connecticut Bank Trust Co. v.Carriage Lane Associates, 219 Conn. 772, 780-781 (1991); Dailyv. New Britain Machine Co., 200 Conn. 562, 568-69 (1986);Strada v. Connecticut Newspaper, Inc., 193 Conn. 313, 316-17
(1984). On summary judgment, the court's proper function is to apply the rules of practice and determine "whether an issue of fact exists, but not to try that issue if it does exist."Nolan v. Borkowski, 206 Conn. 495, 500 (1986); Michaud v.Gurney, 168 Conn. 431, 433 (1975). The summary judgment motion is designed to dispose of actions in which there is no issue of material fact. Michaud v. Gurney, supra. The test is whether the moving party would be entitled to a directed verdict on the same facts as a matter of law. Nolan v.Borkowski, supra at p. 505; Cortes v. Cotton,31 Conn. App. 569, 573 (1993).
Royal maintains that plaintiffs' amendment, setting forth claims for property damage, constitutes a new and distinct cause of action, and is, therefore, time barred. Plaintiffs contend that the amended relief sought does not assert a separate and different cause of action, but rather, relatesback to the cause alleged in the initial complaint. "An amended complaint . . relates back to and is treated as filed at the time of the original complaint unless it alleges a new cause of action." Keenan v. Yale New Haven Hospital,167 Conn. 284, 285 (1974); Baker v. Baker, 166 Conn. 476, 486
(1974); Jonap v. Silver, 1 Conn. App. 550, 555 (1984). "A cause of action is that single group of facts which is claimed CT Page 6775 to have brought about an unlawful injury to the plaintiff and which entitled the plaintiff to relief . . ." Gurliacci v.Mayer, 218 Conn. 531, 547 (1991); Sharp v. Mitchell,209 Conn. 59, 71 (1988); Jonap v. Silver, supra. The Connecticut Supreme Court has stated:
 "A change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated . . ."
 Gurliacci v. Mayer, supra at p. 547 (quoting Sharp v. Mitchell, supra at p. 71-72).
In Giglio v. Connecticut Light Power Co., 180 Conn. 230,249 (1980), our Supreme Court recognized that the relation back doctrine "is akin to rule 15(c) of the Federal Rules of Civil Procedure . . .," and that the policy underlying the doctrine is that "a party, once notified of litigation based upon a particular transaction or occurrence, has been provided with all the notice that statutes of limitation are intended to afford."[2] cf. Gurliacci v. Mayer, supra at p. 547. Changes or additions regarding allegations of liability, therefore, do not necessarily amount to an introduction of a new cause of action. Jonap v. Silver, supra at p. 556.
Here, Royal's position is that the addition of anotherform of injury constitutes a new cause of action and, therefore, does not relate to the earlier complaint(s). in [In]Baker v. Baker, 166 Conn. 476, 486 (1974), it was stated that an amendment of a prayer for relief asking for a divorce rather than a separation was not a new cause of action and thus related back to the original complaint. The case ofMcCray v. Stimpson, 1 CSCR 177 (1986) held that property damage is merely an additional injury and does not constitute a new cause of action. Citing Seger v. Town of Barkhamsted, CT Page 677622 Conn. 290, 295 (1853), the McCray court stated that "it has always been the law of this state, as stated by the Supreme Court of Connecticut, that personal injuries and property damage arising out of the same negligent act, constitute but one cause of action." In McCray, it was ruled that the statute of limitations had not run as to the property damage amendment, since it arose out of the same allegedly negligent act(s) upon which the personal injury action was initially premised. That reasoning applies to plaintiffs' property damage amendment in the present case.
Royal refers the court to a number of older Superior Court holdings which are discussed in the McCray case.[3]
After reviewing those cases, which substantially parallel the analysis set forth in Falis v. Dawson, supra, it is this court's view that the McCray holding is persuasive, and is consistent with the "single group of facts" analysis of theGurliacci, Sharp, and Jonap
decisions.
Defendant Royal's motion for partial summary judgment (Count Six of the Substitute Complaint, and Second Special Defense) is hereby denied.
Mulcahy, J.
ENDNOTES