[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Agnes Dickerman, has brought this action against the defendants, David Hart and Joyce Hart, both doing business as Hart's Farm Greenhouse and Florist, for personal injuries allegedly sustained as a result of a fall on the premises of the defendant's business. Plaintiff alleges that, while attempting to cross the parking area of said business on September 21, 1997, she sustained injuries when she tripped over a trailer hitch attached to a wagon located in the parking area of the business. Plaintiff's Complaint, paragraph 3. Plaintiff's initial complaint, dated September 17, 1999, alleges that the defendants were negligent in locating the wagon and trailer hitch in the parking area, and that this negligence caused her injuries. Plaintiff's Complaint, paragraphs 4-5. Plaintiff included in her prayer for relief a claim for punitive or exemplary damages, in addition to her claim for compensatory damages.
On December 6, 1999, the defendants filed a motion to strike that part of the prayer for relief of plaintiff's complaint, which sought punitive or exemplary damages. Before a ruling was issued by the court on the motion to strike, the plaintiff filed a request to amend and the accompanying amended complaint on April 13, 2000. Plaintiff's amended complaint seeks to add a second count sounding in recklessness or wanton behavior by the defendants. plaintiff's Amended Complaint, paragraph 5. Defendants filed a timely objection to this request.
The gist of the defendant's argument is that plaintiff's amended complaint, dated April 13, 2000, seeks to add a new cause of action that fails to relate back to the filing date of the original complaint, dated September 21, 1997, and, therefore, is barred by the applicable two year CT Page 6209 statute of limitations. The issue here is whether the amended complaint merely seeks to expand and amplify what was alleged in the original complaint, or, instead, adds a new and separate cause of action that would be barred by the statute of limitations.
Although these issues have been previously addressed by other Superior Courts around the state, the Connecticut Supreme Court issued a decision in 1988 in a case with facts similar to those alleged here. In Dubay v.Irish, 207 Conn. 518 (1988), the plaintiff claimed that the second count of his amended complaint, which sounded in reckless conduct, was not barred by the statute of limitations because it did not create a new cause of action different from his negligence count set forth in the original complaint. Id., 531. Although the court did not address this issue in the body of its opinion, it did comment on it in a footnote 6. The court stated,
 "[w]e recognize that a number of our prior decisions have stated generally that it is well established that causes of action for negligence and willful or malicious conduct are separate and distinct causes of action. Warner v. Leslie-Elliott Constructors, Inc., 194 Conn. 129, 138 (1984); Dumond v. Denehy, 145 Conn. 88, 91 (1958); Brock v. Waldron, 127 Conn. 79, (1940). Although we need not address this issue here, we question the applicability of the proposition here because none of the cases cited involved a relation back claim for the purposes of the statute of limitations raised in connection with an amendment to a complaint. In addition, the plaintiff here relies upon identical factual allegations in both the negligence and the . . . reckless counts of the amended complaint. Further, the issue has been specifically addressed in other jurisdictions that have held an amendment to a complaint setting forth an additional complaint, one that sounds in . . . reckless conduct, to the existing negligence count did not state a new and distinct cause of action and, therefore, related back to the filing of the original complaint for purposes of the statute of limitations." (Citations omitted).
In Gurliacci v. Mayer, 218 Conn. 531 (1991), our Supreme Court directly addressed this issue. In Gurliacci, the plaintiff was allowed to amend her negligence complaint after the limitations period had passed, to include allegation that the defendant had also acted "willfully, wantonly, and maliciously." Id., 546. The defendant moved to CT Page 6210 strike the amended complaint on the basis that it was "barred by the statute of limitations because it stated a new cause of action that did not relate back to the original complaint. Id.
"A cause of action is that single group of facts which claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief." Id., 547 quoting Pavelka v. St. Albert Society,82 Conn. 146, 147 (1909). "A change in, or addition to, a ground of negligence . . . arising out of a single group of facts which was originally claimed to have brought about the unlawful injury . . . does not change the cause of action. It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same."Gurliacci at 547 (Citations omitted). The court went on to note that only "where an entirely new and different factual situation is presented, [is] a new and different cause of action stated." Id. (Citations omitted).
The Supreme Court in Gurliacci ruled that the plaintiff's amended complaint did in fact relate back to the date of the original complaint and, therefore, it was not barred by the statute of limitations. Id., 531. In reaching this decision, the court stated that the amended complaint, which reiterated the negligence claim but added allegations of willful, wanton or malicious conduct, "did not inject two different sets of circumstances and depend on different facts, but rather amplified and expanded upon the previous allegations by setting forth alternative theories of liability." Id., 549 (Citations omitted).
In the present case, the plaintiff's amendment seeks to add a second count based on recklessness or wanton behavior by the defendants. In support of this claim, the plaintiff reiterates the same twenty-four subparagraphs she alleged in count one, while only adding that the defendants knew it was dangerous to leave the wagon in the parking lot, yet chose to leave it located there. This additional language does not create a new and different cause of action since "the same set of operative facts are alleged" which gave rise to the incident alleged in the original complaint. Podaras v. Corcoran, Superior Court, judicial district of New Haven at Meriden, Docket No. 255982 (Nov. 13, 1998). CT Page 6211
Given the similarity of the facts here to those in Gurliacci, supra, and Podaras, supra, the court finds that for the purpose of relating back to the original complaint the additional language of count two did not create a new and different cause of action. Based on the foregoing, the defendant's objection to the plaintiff's request to amend the complaint is overruled, and the motion to amend the complaint is granted.
Sferrazza, J. CT Page 6212
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 6213
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 6214
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 6215
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 6216
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 6217
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 6218